1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   GREGORIO LARDIZABAL,                    Case No.:   22cv345-MMA(BLM)
12                              Plaintiff,   **ORDER GRANTING PLAINTIFF'S**
                                             **SECOND MOTION FOR RESOLUTION**
13   v.                                      **OF DISCOVERY DISPUTE**
14   ARVEST CENTRAL MORTGAGE COMPANY,
15                              Defendant.   **[ECF NOS. 127 & 128]**
16

17        Currently before the Court are Plaintiff's Second Motion for Resolution of Discovery

18   Dispute [ECF No. 127 ("Motion")] and Defendant Arvest Bank's Response to Plaintiff's Second

19   Motion for Resolution of Discovery Dispute [ECF No. 128 ("Response")].  For the reasons set

20   forth below, Plaintiff's motion is **GRANTED**.

21                           **RELEVANT BACKGROUND**

22        On December 2, 2022, Plaintiff noticed the depositions of two Arvest Bank employees,

23   Pat Bisbee and Wendelette Johnson.  Motion at 6.  Plaintiff noticed the depositions for December

24   21, 2022.  Id.  Two days before the depositions, on December 19, 2022, Defendant informed

25   Plaintiff that Mr. Bisbee and Ms. Johnson were not subject to the deposition notices and would

26   not be appearing at the deposition.  Id.; ECF No. 127-3, Exhibit 2 to Declaration of Matthew M.

27   Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery

28   Dispute ("Exhibit 2") at 2.  Plaintiff stated his disagreement with Defendant's position and

requested that the parties meet and confer.  Motion at 8; ECF No. 127-4, Exhibit 3 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 3") at 2; Response at 4.  On December 20, 2022, Defendant informed Plaintiff that Mr. Bisbee, Ms. Johnson, and defense counsel were unavailable for the depositions.  ECF No. 127-7, Exhibit 6 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 6") at 2; Response at 4; ECF No. 128-2, Declaration of Magdalena D. Kozinska in Support of Arvest Bank's Response to Plaintiff's Second Motion for Resolution of Discovery Dispute ("Kosinska Decl.") at 2.  Defense counsel noted that Plaintiff did not make efforts to clear the date, which was three days before Christmas Eve, with Defendant.  Kozinska Decl. at 2-3.  Further, defense counsel represented that Defendant "would agree to produce someone who would fall within the 'officers, directors, or managing agents' categories on a mutually agreed upon date and time."  Id. at 3.  According to pleadings, Plaintiff did not respond; instead, Plaintiff proceeded with the depositions on December 21, 2022, taking the nonappearances of both Ms. Johnson and Mr. Bisbee.  ECF No. 127-8, Exhibit 7 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 7"); ECF No. 127-9, Exhibit 8 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 8").  After Ms. Johnson, Mr. Bisbee, and defense counsel failed to appear at the depositions, Plaintiff sent a meet and confer letter to Defendant via U.S. Mail and e-mail outlining Plaintiff's position.  Motion at 7; ECF No. 127-2, Exhibit 1 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 1") at 2-4.

On January 18, 2023, the parties jointly contacted the Court regarding the dispute.  ECF No. 124.  With respect to the dispute, the Court set a briefing schedule.  Id.  The parties timely filed their pleadings.  See Motion & Response.

## **LEGAL STANDARD**

The scope of discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

22cv345-MMA(BLM)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." Doherty v. Comenity Capital Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017).   District courts have broad discretion to determine relevancy for discovery purposes.  D.M. v. County of Merced, 2022 WL 229865, at * 2 (E.D. Cal. Jan. 26, 2022) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)).

District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Federal Rule of Civil Procedure 30 governs depositions by oral examination.  Subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1).  Rule 30(b)(1) allows a party to request the deposition of another party to the litigation by serving a notice upon that party.  Botell v. United States, 2013 WL 360410, at *3 (E.D. Cal. Jan. 29, 2013) ("Under Rule 30(b)(1), any person can be deposed, including 'any person associated with [a] corporation and acquainted with the facts.'").  If the party is a corporation, pursuant to Rule 30(b)(1), "the notice compels it to produce any 'officer, director or managing agent' named in the deposition notice." Elasticsearch, Inc. v. GmBH, 2021 WL 1753796, at *1 (N.D. Cal. May 4, 2021) (citing Adobe Sys. Inc. v. A&S Elecs., Inc., 2016 WL 8222618, at *2 (N.D. Cal. June 30, 2016)).  An employee or agent "who

does not qualify as an officer, director, or managing agent is not subject to deposition by notice[,]" and must be subpoenaed.  Botell, 2013 WL 360410, at *3 (citing U.S. v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

## DISCUSSION

Plaintiff first argues that he is entitled to relief because Defendant failed to obtain a protective order prior to the nonappearance at the depositions. Motion at 8. Alternatively, Plaintiff argues that the employees are subject to deposition by notice under Federal Rule of Civil Procedure 30(b)(1) because Mr. Bisbee and Ms. Johnson are managing agents for the purpose of a deposition in this litigation. Id. at 9, 10.

Defendant argues that the lack of a protective order does not entitle Plaintiff to the relief he is requesting.  Response at 5.  Defendant represents that Mr. Bisbee and Ms. Johnson are not managing agents subject to depositions under Rule 30(b)(1).  Id.  Defendant further notes that Ms. Johnson is no longer in the role she held during the time at issue in this matter; she now works in a different department.  Id. at 7.

### A. **Protective Order**

Plaintiff argues that Defendant's nonappearance is not justified because Defendant did not follow proper procedure and move for a protective order; instead, Defendant merely e-mailed its objections to Plaintiff's counsel "less than 48 hours before the deposition was set to occur[.]"  Motion at 7, 8.  Defendant responds that seeking a protective order was premature because "the parties had not yet engaged in a substantive meet and confer process[,]" and Defendant "believed that the [p]arties could come to an understanding and resolve this matter without the need of a protective order or court intervention."  Response at 5.

The Federal Rules of Civil Procedure instruct a party to seek a protective order if the party believes a deposition notice is improper.  Fed. R. Civ. P. 26(c)(1); see also Fed. R. Civ. 37(d) advisory committee note to 1970 amendment ("a party may not properly remain completely silent even when he regards a notice to take his deposition . . . as improper or objectionable").  In moving for a protective order, a party must demonstrate that they met and conferred, or attempted to meet and confer, in good faith "to resolve the dispute without court action."  Fed.

R. Civ. P 26(c)(1); see also CivLR 26.1(a) ("The court will entertain no motion pursuant to Rules 26-37, unless counsel will have previously met and conferred concerning all disputed issues."). Here, Defendant did not file a motion for a protective order but did begin the meet and confer process by notifying Plaintiff's counsel that the deponents were not subject to the deposition notices, that counsel and deponents were not available on the noticed deposition date, and that Defendant would produce a proper managing agent at a mutually convenient date.  Neither attorney engaged in any additional discussions and the following day, Plaintiff took the nonappearances of the deponents.  While Defendant unnecessarily waited more than two weeks to object to the noticed depositions, it appears that the nonappearances were due to the attorneys' failure to adequately communicate with each other.

The Court finds that it need not determine which party caused the nonappearances because there is no basis for the remedy sought by Plaintiff.  Plaintiff fails to cite authority that supports his position that Defendant's failure to obtain a protective order "is fatal" and entitles Plaintiff to depose Mr. Bisbee and Ms. Johnson pursuant to Rule 30(b)(1).  Unlike many of the cases Plaintiff cites, Plaintiff does not seek sanctions or the recovery of costs for the nonappearances. See Motion at 16.  Instead, Plaintiff only seeks to depose Mr. Bisbee and Ms. Johnson under Rule 30(b)(1).  Because Plaintiff only seeks to depose Mr. Bisbee and Ms. Johnson, and not recover costs or sanctions, and because there is no legal support for Plaintiff's deposition request, the Court denies Plaintiff's motion on this basis.

### B. Managing Agent

#### 1. Plaintiff's Position

Plaintiff indicates that Mr. Bisbee and Ms. Johnson are managing agents in this lawsuit because Defendant identified them exclusively as "the individuals who investigated [Plaintiff's] disputes on behalf of [Defendant][.]"  Id. at 13.  Plaintiff relies on Calderon v. Experian Info. Sols., Inc., 287 F.R.D. 629 (D. Idaho 2012), aff'd, 290 F.R.D. 508 (D. Idaho 2013) and Odsather v. Fay Servicing, LLC, 2019 WL 11005500 (W.D. Wash. Jan. 10. 2019), both of which are Fair Credit Reporting Act ("FCRA") actions, to support his position.  Id.  Plaintiff represents that Mr. Bisbee and Ms. Johnson had sole authority to handle disputes and maintain discretion when

handling disputes, as Defendant never identified anyone with whom these two employees had to obtain approval.  Id. at 13. Plaintiff further indicates that these two individuals can be relied upon to testify at their employer's request because "it would be rather shocking if either Johnson or Bisbee would not honor Arvest's demand that its employees appear for their depositions." Id. Additionally, Plaintiff argues that although there may be individuals with higher authority than Mr. Bisbee or Ms. Johnson, those individuals "are far removed from the investigations." Id. at 14.  Finally, Plaintiff indicates that the two individuals' responsibilities and duties are related to this litigation. Id. at 15.

### 2. Defendant's Position

Defendant indicates that neither Mr. Bisbee nor Ms. Johnson are managing agents because they both lack supervisory authority and power to exercise discretion.  Response at 8. Specifically, Defendant indicates that the two employees have their work "reviewed and they do not have discretion in corporate matters." Id.  Additionally, Defendant states the employees' job duties do not include appearing for depositions on behalf of their employer, and they have never had to do so previously. Id. at 9.  According to Defendant, "Mr. Bisbee and Ms. Johnson cannot be relied upon to give testimony at Arvest's request in response to the demand." Id. Defendant also represents that Mr. Bisbee and Ms. Johnson are low level employees and that there are "individuals in positions of higher authority than Mr. Bisbee and Ms. Johnson [who] have reviewed the work performed by Mr. Bisbee and Ms. Johnson, including the matters involved in the litigation." Id. at 9. Defendant also states that the employees reported information that was in the system, which was accurate. Id. at 10.  Finally, Defendant indicates that Plaintiff would not be prejudiced by deposing a 30(b)(6) witness or manager with actual knowledge or authority. Id. at 10.

### 3. Applicable Law

Determining whether an individual is a managing agent "is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case." Nationstar Mortg., LLC. v. Flamingo Trails No. 7 Landscape Maint. Ass'n, 316 F.R.D. 327, 333 (D. Nevada 2016) (citing Calderon, 287 F.R.D. at 632) (internal quotations omitted).  An individual may be a managing

agent for the purpose of giving corporate testimony generally or for the limited purpose of giving deposition testimony on a particular topic. Elasticsearch, Inc., 2021 WL 1753796, at *3 ("Even if a proposed witness may not be considered a managing agent of the corporation in general, they may be considered such an agent for the purpose of giving testimony on a particular topic.") (citing Symantec Corp. v. Acronis, Inc., 2013 WL 503612, at *4 (N.D. Cal. Feb. 8, 2013) (internal quotations omitted); see also Botell, 2013 WL 360410, at *6; Sanders v. Circle K Corp, 137 F.R.D. 292, 294 (D. Ariz. 1991) ("The purpose behind Rule30(b)(6) is to create testimony that will bind the corporation."). When analyzing if an individual is a managing agent, courts often consider four factors.[1]  Holloway, 2019 WL 7172600, at *22. For deposition testimony, "[i]t is not required that all factors work in favor of finding the proposed deponent to be a managing agent." Botell, 2013 WL 360410, at *5; see also Holloway, 2019 WL 7172600, at *23 (finding witnesses to be managing agents because "the witnesses' interests aligned with Defendant and the witnesses' general responsibilities [] related to the subject matter of the litigation").  Where the question before the court is "whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements[,] . . . the witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'" Elasticsearch, Inc., 2021 WL 1753796, at *2 (citation omitted).

"The term managing agent should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his functions, responsibilities and authority . . . respective the subject matter of the litigation." Holloway, 2019 WL 7172600, at *22 (emphasis

---

[1] These four factors are (1) Whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or person are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; and (4) the general responsibilities of the individual respecting the matters involved in litigation.  Botell, 2013 WL 360410, at *4 (citing Calderon v. Experian Information Solutions, Inc., 287 F.R.D. 629, 632 (D. Idaho 2012).

in original) (internal quotations and citations omitted).  Indeed, the title of "manager" is not dispositive; instead, the court considers "whether [an employee's] duties and activities are closely linked with the events giving rise to the lawsuit." Botell, 2013 WL 360410, at *4 (citing Calderon, 287 F.R.D. at 633.) (internal quotations omitted).  The examining party maintains the burden to establish that the deponent is a managing agent, but this burden is a modest one, and during the discovery stage, "if there is at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has to the ability to bind the corporation to be left for trial." In re PFA Insurance Marketing Litigation, 2021 WL 5991681, at *2 (N.D. Cal. Nov. 4, 2021) (citing Calderon, 287 F.R.D. at 632). ("all doubts are to be resolved in favor of the party seeking discovery").

In the oft cited case Calderon v. Experian Info. Sols., Inc., the court noted that there was "a close question" about whether foreign dispute agents employed by the defendant were managing agents for the purposes of the litigation.  287 F.R.D. at 634.   The court determined the dispute agents were managing agents for the purpose of taking their depositions by notice under Rule 30(b)(1).  Id.   In Calderon, the court reasoned that the dispute agents "were individuals who were charged with handling Plaintiff's dispute, and they were therefore the only people who might have information about what was actually done, as opposed to simply what [the defendant's] policies and procedures theoretically were." Id.  The Calderon court further reasoned that the "paramount" factor weighed in favor of finding the employees to be managing agents because there was no reason to suggest the employees' interests would align with the plaintiff and not their employer.  Id. at 634.

Similarly, in Odsather v. Fay Servicing, LLC, the court found that an automated consumer dispute operator was a managing agent for the purpose of allowing a Rule 30(b)(1) deposition because the employee's "general responsibilities were highly relevant to th[e] litigation" since the alleged submission of inaccurate debt information went "to the heart of Plaintiff's FCRA claim; specifically, as to whether Defendant's alleged violation was willful or merely negligent." 2019 WL 11005500, at *1.   The Odsather court further reasoned that the employee and

defendant "[did] not share adverse interests, such that [the employee] could not be relied on to testify as a managing agent." Id. (citation omitted).  Additionally, the court concluded that a Rule 30(b)(6) witness would be unable to provide specific answers to questions about the employee's actions in processing the plaintiff's dispute. Id.

### 4. Analysis

Here, the Court finds that Mr. Bisbee and Ms. Johnson are managing agents for the purpose of allowing Plaintiff to take their depositions pursuant to Rule 30(b)(1).  While neither Mr. Bisbee nor Ms. Johnson is a manager or a supervisor, it is undisputed that they are the individuals who conducted the investigation of Plaintiff's dispute.  See Calderon, 287 F.R.D. at 634 ("it is not so much the title or status of an individual within the corporation, but his or her duties and responsibilities respecting the subject matter of the litigation that is important"); see also ECF No. 127-10, Exhibit 9 to Declaration of Matthew M. Loker in Support of Plaintiff Gregorio Lardizabal's Second Motion for Resolution of Discovery Dispute ("Exhibit 9") at 4.  The Court acknowledges that Mr. Bisbee and Ms. Johnson may not be considered managing agents for the corporation generally but finds that they are managing agents for the purpose of giving deposition testimony related to their investigations of Plaintiff's dispute.  See Botell, 2013 WL 360410, at *5 (finding that "although [the witness] may not be a higher-up managing agent in the course of his everyday duties for the defendant, he is a managing agent for the purpose of providing testimony regarding [] the trail condition in and around the time of the accident, which is extremely relevant to this [wrongful death] litigation").  Mr. Bisbee and Ms. Johnson "reviewed the dispute and submitted Automated Credit Dispute Verification ("ACDV") forms."  ECF No. 128-1, Declaration of Arvest Bank in Support of Response to Plaintiff's Second Motion for Resolution of Discovery Dispute ("Arvest Decl.") at 5.  As in Calderon and Odsather, their responsibilities in investigating Plaintiff's dispute are highly relevant and central to Plaintiff's FCRA and Consumer Credit Reporting Agencies Act claims in his Amended Complaint.  See ECF No. 73.  As such, Mr. Bisbee and Ms. Johnson may be the only individuals with information regarding what was actually done as part of that process.  See Calderon, 287 F.R.D. at 634 ("as opposed to simply what [the corporation's] policies and procedures theoretically required").

Moreover, the parties are still in the discovery stage, and the question currently before the Court is whether the depositions of Mr. Bisbee and Ms. Johnson should occur pursuant to Rule 30(b)(1).  As such, the factor which many courts describe as "paramount" weighs in favor of allowing the depositions because there are no facts presently before the Court that suggest Mr. Bisbee's and Ms. Johnson's interests would identify with Plaintiff's or be hostile to Defendant's.[2]  Importantly, Mr. Bisbee and Ms. Johnson remain employees of the Defendant. See Calderon, 287 F.R.D at 634 ("there is no reason to suppose that [defendant's employees] would identify with a plaintiff . . . as opposed to the corporation which provided them with their livelihood").  While Mr. Bisbee and Ms. Johnson may not be able to speak for the corporation as a Rule 30(b)(6) witness, Calderon and Odsather are persuasive here, and Mr. Bisbee and Ms. Johnson can provide deposition testimony related to their investigations of Plaintiff's dispute pursuant to Rule 30(b)(1).[3]

Defendant also argues that Ms. Johnson cannot be categorized as a managing agent because she transitioned from the Enterprise Credit Reporting department to the Home Mortgage Disclosure Act/Community Reinvestment Act department on September 19, 2022, well before Plaintiff noticed Ms. Johnson's deposition.  Response at 7.  Defendant indicates that Ms. Johnson "no longer perform[s] the same job duties, nor does she have the same responsibilities as she did in February 2022 when she submitted the ACDV forms at issue in this case."  Response at 8; Arvest Decl. at 5.  Defendant relies on a string of citations to support its position that "the deposition of an employee of a corporate party may be used as a deposition of the party only if the witness at the time of taking the deposition was an officer, director or managing agent."[4] Response at 8.

---

[2] Defendant only argues that appearing for depositions is not within Mr. Bisbee's or Ms. Johnson's job duties, and that Defendant cannot force its employee to appear if they refuse. Response at 9.

[3] The trial judge will determine the admissibility of any trial testimony, if necessary, and whether Mr. Bisbee and Ms. Johnson can bind Defendant on any particular issue.   See Calderon, 287 F.R.D. at 634.

[4] Defendant cites to Cohen v. Pennsylvania R. Co., 30 F. Supp. 419 (S.D.N.Y. 1939), Caldwell-

22cv345-MMA(BLM)

The Court is unpersuaded.  First, most of the cases Defendant relies upon concern individuals who were no longer employed by the party corporation.  See Cohen, 30 F. Supp. at 419-20 (proposed deponent had not been employed by defendant for eleven months); see also Garshol, 12 F.R.D. at 205 (evidence suggest the proposed deponent retired); In re Honda, 168 F.R.D. at 541 (proposed deponent was retired).  Second, when determining whether an individual is a managing agent at the time of the deposition, more recent case law suggests that an individual need not hold the same role.  See, e.g., Botell, 2013 WL 360410 at *5 (finding an employee to be a managing agent for the purpose of providing testimony related to incidents relevant to the litigation after he transitioned to a new role with a new title at a different national park); see also Warner Bros. International Television Distribution v. Golden Channels & Co., 2003 WL 2738442, at *4 (C.D. Cal. Aug. 15, 2003) ("The deponent need not have either a formal association or an employment relationship to be deemed a managing agent.").  As noted, Ms. Johnson is still employed by Defendant, and her new position does not alter the fact that Ms. Johnson is the individual who reinvestigated Plaintiff's dispute and filled out the ACDV forms for Transunion and Experian, which is highly relevant to this litigation.  As such, Ms. Johnson's interests remain consistent.  Global Music Rights, LLC v. Radio Music License Committee, Inc., 2020 WL 10692695, at *3 (C.D. Cal. Au. 3, 2020) ("Court have accorded managing agent status to individuals who no longer exercised authority over the actions in question (an even to individuals who no longer held any position of authority in a corporation), so long as those individuals retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests.") (citing Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1456 (D.C. Cir. 1986)).

Accordingly, the Court finds Mr. Bisbee and Ms. Johnson are managing agents for the purposes of taking their depositions pursuant to Rule 30(b)(1).

---

Clements, Inc. v. McGraw-Hill Pub. Co., 11 F.R.D. 156 (S.D.N.Y. 1939), Garshol v. Atlantic Refin. Co., 12 F.R.D. 204 (S.D.N.Y. 1951), and In re Honda American Motor Co., Inc. Dealership Litig., 168 F.R.D. 535 (D. Md. 1996).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is **GRANTED**.  The parties are ordered to confer and find a mutually agreeable date for Plaintiff to depose Ms. Johnson and Mr. Bisbee, not later than **March 10, 2023**.  Fact discovery, which ended on February 16, 2023, will be extended only for the purpose of these two depositions until **March 10, 2023**.

**IT IS SO ORDERED**.

Dated:  2/24/2023

Hon. Barbara L. Major
United States Magistrate Judge

22cv345-MMA(BLM)